UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH MCMANUS | * | CIVIL ACTION |
| VERSUS | * | NO. 23-7013 |
| NICK LNU, ET AL. | * | SECTION "A" (2) |

**REPORT AND RECOMMENDATION**

Plaintiff Joseph McManus filed his *pro se* Complaint and Motion to Proceed *In Forma Pauperis* on November 21, 2023.  ECF Nos. 1, 2.

Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court ordered that summons not be issued until completion of the statutorily mandated review.  ECF No. 3.  This December 7, 2023 Order required Plaintiff to file a written response setting forth the specific facts upon which he relies to establish a basis for federal subject matter jurisdiction over his claim, on or before January 8, 2024.  *Id*.  Plaintiff failed to file a timely response.

I.      **PLAINTIFF'S CLAIMS**

Plaintiff asserts claims against Nick [last name unknown], a "U.S. Marshal Supervisor" and Deputy U.S. Marshal " James Bond,"[1] both of whom he alleges harassed, intimidated, made fun of, and cursed at him on various occasions when he entered the U.S. District Court for the Eastern District of Louisiana, and Plaintiff asserts that these defendants accompanied him through the courthouse on November 22, 2022.  ECF No. 1 at 2, ¶ III at 4, 6-8.  Plaintiff invokes federal question jurisdiction, asserting that the officers were acting "under color of law," warranting this "42 U.S.C. § 1983 civil action for deprivation of" his Fourth and Fourteenth Amendment rights.

---

[1] Plaintiff indicates that the second officer may have given him a false name. ECF No. 1 at 8.

1

*See id.* at 7. Plaintiff also alleges claims of stalking, harassment, intimidation, and violation of the Americans with Disabilities Act. *Id*. at 7-8.

## II.     APPLICABLE LAW

### A. Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[3] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[4] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[5]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[6] A claim "'lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[7] A court may not dismiss a claim simply because the facts are "unlikely."[8] A factually frivolous claim alleges

---

[2] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[3] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[4] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).
[5] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).
[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[7] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[8] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.'"[9] A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[10]

### B. Pleading Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "'sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them.'"[11] While Rule 8's pleading standard does not require "detailed factual allegations," it does demand more than "unadorned, the-defendant-unlawfully-harmed-me accusation."[12] Even the complaints of *pro se* litigants must convince the court that plaintiff has a colorable claim.[13]

### III. ANALYSIS

Plaintiff claims that two U.S. Marshals harassed, intimidated, made fun of, and cursed at Plaintiff on various occasions when he entered the U.S. District Court for the Eastern District of Louisiana. ECF No. 1 at 2, ¶ III at 4, 6-8. Plaintiff purports to invoke federal question jurisdiction, asserting that the officers were acting "under color of law," warranting this "42 U.S.C. § 1983 civil

---

[9] *Id.*
[10] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[11] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R. & R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57).
[13] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

action for deprivation of" his Fourth and Fourteenth Amendment rights. *See id.* at 7. Plaintiff also alleges violations of the Americans with Disabilities Act. *Id*. at 7-8.

### A. *Bivens* Claims

Although Plaintiff purports to bring his claims under 42 U.S.C. § 1983, that statute applies only to state actors. Construing Plaintiff's *pro se* complaint broadly,[14] he would appear to be asserting claims against the federal officials under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which provides a remedy for victims of constitutional violations by federal governmental officials in their individual capacities.[15] While a *Bivens* action is considered the federal analog to suits brought against state officials under § 1983,[16] the Supreme Court has made clear that *Bivens* mirrors, but is *not* to be broadly construed to create rights of actions in the same manner as, the statutory provisions in § 1983.[17]

To state a *Bivens* claim, a plaintiff must plead a deprivation of statutory or constitutional rights by a federal officer acting under color of federal law.[18] The Supreme Court has declined to expand *Bivens,*[19] limiting it to the only three circumstances: (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90; (2) discriminating on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and (3) failing

---

[14] *Moore*, 976 F.2d at 269 (holding *pro se* complaints must be broadly construed).
[15] *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). *Bivens* is a counterpart to § 1983, and extends similar protections to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the main difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).
[16] *Hartman v. Moore*, 547 U.S. 250, 258 (2006).
[17] *See Ziglar v. Abbasi*, 582 U.S. 120, 131-135 (2017).
[18] *See Bivens*, 403 U.S. at 397.
[19] *Id*. at 135; *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).

to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980).[20]

In this case, Plaintiff asserts that two U.S. Marshals violated his Fourth and Fourteenth Amendment rights by making fun of him and accompanying him through the courthouse. This claim is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court,"[21] none of which involve claims against U.S. Marshals for verbal harassment or supervision of an individual visiting a courthouse. Because Plaintiff's claims involve new theories of liability against a new category of defendant, they arise in a new context.[22] The Supreme Court has made clear, however, that extending *Bivens* to new contexts is a "'disfavored' judicial activity," and has strongly counseled against it.[23]

To determine whether the court should consider extending *Bivens* to this new context, the court may consider "whether there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy, and whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed."[24] The Supreme Court has also repeatedly counseled that the availability of alternative remedies providing similar relief is a factor to be considered in expanding an implied right of action to a new context.[25] Here, several remedial structures exist to protect parties like Plaintiff from mistreatment at the hands of U.S. Marshals Service (USMS) officials. The Director of USMS

---

[20] *Oliva*, 973 F.3d at 442 (some internal citations omitted).
[21] *Butler v. Porter*, 999 F.3d 287, 294 (5th Cir. 2021), *cert denied*, 142 S. Ct. 766 (2022) (quoting *Abbasi*, 137 S. Ct. at 1864).
[22] *See, e.g., Rote v. Comm. on Jud. Conduct and Disability of Jud. Conf. of United States*, 577 F. Supp. 3d 1106, 1137-38 (D. Or. Dec. 30, 2021) (finding *Bivens* claims against federal judges were not cognizable because they arose in new context and there were reasons counseling against extending *Bivens* to the new context).
[23] *Abbasi*, 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675); *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020).
[24] *Hernandez*, 140 S. Ct. at 743 (internal quotation marks omitted) (quoting *Abbasi*, 137 S. Ct. at 1858); *see also Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020) (citation omitted).
[25] *Egbert v. Boule*, 596 U.S. 482, 493 (2022).

is required by statute and regulation to supervise USMS personnel and to investigate allegations of improper conduct.[26] Further, the USMS accepts complaints from aggrieved parties and operates a comprehensive administrative complaint system for members of the public.[27] These "alternative remedies for aggrieved parties in [Plaintiff's] position" constitute special factors that foreclose a *Bivens* action here.[28] Moreover, even if Plaintiff could assert claims for verbal harassment and supervision of his time in the courthouse, courts have determined that such allegations do not rise to the level of constitutional violations.[29]

## B. Americans with Disabilities Act Claims

Plaintiff also purports to raise a claim under the Americans with Disabilities Act. However, he states only vague, confusing claims about having panic attacks, spitting, and vomiting after courthouse security asked him to wear a mask.[30] He does not allege the fundamental requirements for an ADA claim (i.e., (1) a qualifying disability; (2) denial of benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) discrimination by reason of his disability).[31] Although Plaintiff also complains that emergency medical services takes thirty minutes to arrive on scene "every time" it is called for him at the courthouse,[32] he does not explain how the response time of EMS is in any

---

[26] *See* 28 U.S.C. § 561(g); 28 C.F.R. § 0.111(n).
[27] *See* https://www.usmarshals.gov/who-we-are/office-of-professional-responsibility (last visited January 16, 2024).
[28] *See Komatsu v. United States*, No. 21-1838, 2023 WL 317326 (S.D.N.Y. Jan. 19, 2023) (rejecting *Bivens* claim against USMS officials who allegedly mistreated plaintiff on several occasions at courthouse where alternate remedies existed for Plaintiff to file grievances against the officers).
[29] *See, e.g., Raz v. Oakes*, 48 F. App'x 481 (5th Cir. 2002) (finding Plaintiff had not alleged acts that amount to a constitutional violation where he alleged only that unnamed court security personnel harassed, insulted, threatened, humiliated, and intimidated him and subjected him to excessive security checks); *Orange v. Ellis,* 348 F. App'x 69 (5th Cir. 2009) (claims of verbal harassment by prison officials did not reveal constitutional violation); *Wagner v. Wheeler*, 13 F.3d 86, 92093 (4th Cir. 1993) (mere verbal harassment does not give rise to a constitutional violation).
[30] ECF No. 1 at 8.
[31] *See Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581, 589 (1999) (citing 42 U.S.C. § 12132).
[32] *Id*.

way controlled by the U.S. Marshals. As such, the Complaint fails to set forth specific facts supporting a cognizable claim against Defendants.

### C. **Failure to Respond to Show Cause Order**

The Court ordered Plaintiff to show cause why his complaint should not be summarily dismissed (ECF No. 3), but Plaintiff failed to respond. Thus, Plaintiff has not demonstrated why his Complaint should not be summarily dismissed as frivolous or for failure to state a claim for which relief can be granted.

In a final effort to provide Plaintiff an opportunity to show cause why his complaint should not be dismissed, I am issuing this Report and Recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to this Report and Recommendation within fourteen (14) days from the date of service of same. It is suggested to Plaintiff that any objection should contain a short summary of the reasons why he failed to comply with the court's previous order. Plaintiff is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Plaintiff is advised that failure to file written objections to the Magistrate Judge's Report and Recommendation may, and probably will, result in dismissal of his case. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[33]

### IV. CONCLUSION

Plaintiff's Complaint is subject to summary dismissal under § 1915(e)(2)(B) as frivolous and/or for lack of subject matter jurisdiction. Despite being advised that his failure to respond to the Show Cause Order could result in summary dismissal, Plaintiff failed to comply and has not submitted a written statement setting forth the specific facts supporting his cause(s) of action.

### RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff Joseph McManus's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this ___18th___ day of January, 2024.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[33] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).